IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES EUGENE PHELPS, JR.                                                                    PLAINTIFF

v.                                      Civil No. 1:17-cv-01062

JAILER LANCE E. EBERLY;
JAIL ADMINISTRATOR
CAMERON OWENS; and
JAILER PARKER COX                                                                          DEFENDANTS

## ORDER

Plaintiff James Eugene Phelps, Jr. filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* on October 26, 2017. (ECF No. 1). Before the Court is Plaintiff's failure to keep the Court informed of his current address.

Defendants filed a motion for summary judgment on May 24, 2018. (ECF No. 31). That same day the Court entered an order directing Plaintiff to file a response to the motion on or before June 14, 2018. (ECF No. 34). The order advised Plaintiff that failure to file a response by the deadline would result in Plaintiff's case being dismissed. On June 7, 2018, Plaintiff filed a motion for extension of time to respond to Defendants' motion for summary judgment. (ECF No. 35). On June 11, 2018, the Court granted Plaintiff's motion giving him until July 11, 2018, to respond to the motion for summary Judgment. (ECF No. 36). On July 23, 2018, this order was returned to the Court as undeliverable marked "RETURN TO SENDER NO LONGER AT THIS ADDRESS." (ECF No. 37). To date, Plaintiff has not filed any response to Defendants' motion for summary judgment. In addition, more than thirty days has passed since mail sent to Plaintiff at his address of record was returned, and Plaintiff has failed to inform the Court of his current address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 30th day of August, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge